```
DEAN MANES #224382
SANTA ANA JAIL M-88
PO BOX 22003
SANTA ANA, CA 92702
```

FILED
CLERK, U.S. DISTRICT COURT
JUN 17 2022
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MANES | ) CASE # SACV22-1193-JVS (JEM) |
| PLAINTIFF | ) COMPLAINT FOR DAMAGES |
| VS. | ) PURSUANT TO |
| CITY OF SANTA ANA, ET AL | ) TITLE 42 USC 1983 |
| DEFENDANTS | ) |

### JURISDICTION

1. This court has jurisdiction under 28 USC 1331. Federal Question jurisdiction arises pursuant to 42 USC 1983.

### VENUE

2. Venue is proper pursuant to 28 USC 1391 because the events giving rise to this complaint happened in this district.

### PARTIES

3. PLAINTIFF, DEAN MANES, incarcerated in SANTA ANA JAIL, Santa Ana, California.

4. DEFENDANT, SANTA ANA JAIL, Santa Ana Jail, California. Sued in official capacity.

5. DEFENDANT, CITY OF SANTA ANA, Santa Ana, California. Sued in official capacity.

6. DEFENDANT, NAPHCARE, Santa Ana Jail, California. Sued in individual capacity.

7. DEFENDANT, SUPERVISOR OFFICER PEREZ, Santa Ana Jail, California. Sued in individual capacity.

8. DEFENDANT, SUPERVISOR OFFICER MONREAL, Santa Ana Jail, California.

9. DEFENDANT, OFFICER ORNELAS, Santa Ana Jail, California.

10. DEFENDANT, UNIDENTIFIED MEDICAL STAFF, Santa Ana Jail, California.

11. DEFENDANT, NURSE EDITH, Santa Ana Jail, California. Sued in individual capacity.

12. DEFENDANT, NURSE VIANIYO, Santa Ana Jail, California. Sued in individual capacity.

## ADMINISTRATIVE REMEDIES

13. I have exhausted administrative remedies as required by law.

## STATEMENT OF FACTS

14. In May 2020, I was diagnosed with a 10mm meningioma resulting from a head injury. The MRI that resulted in this diagnosis was conducted at Antelope Valley Hospital Medical Center (AVHMC).

15. On September 22, 2021, I was seen at USC Medical for a follow up cranial MRI and neurosurgery consultation. The MRI results confirm a 12mm meningioma and Chiari 1 Malformation. The meningioma, a type of brain tumor, had grown 20% since the prior MRI May 2020. USC neurosurgery informed me that I would need surgery for this condition.

16. I have multiple pending criminal cases, including Los Angeles County case # MA077578, MA078998, MA078845 (The three cases the begin with "MA0" I do not have assigned counsel.), PA03947, as well as my federal criminal case #22:00001.

17. SAJ does not have any doctors on its staff, does not have adequate medical care, the medical staff are not licensed to provide the care they provide here, and the medical staff are not trained to provide emergency medical care. SAJ policy is to not allow the transfer of inmates to an outside emergency medical facility.

18. On numerous occasions I have been denied emergency medical care that would have been provided to any other person with the same medical condition I have, had I not been at SAJ.

19. On December 6, 2021, I arrived at Santa Ana Jail (SAJ) as a pretrial detainee pending federal charges.

20. Since my arrival at SAJ, I have filed twenty grievances. These grievances have been for a number of issues including requests for emergency medical care, requests for legal assistance and law library access, lost personal property, disciplinary appeals, staff complaints, and others. For most of these grievances staff has failed to return my initial copies.

21. These grievances are filed by the staff using a number system. The format is "GI#" followed by a four digit number.

22. The twenty grievances I have filed have the following GI#'s:

    4514   4513   4591   4590   4597   4598   4610   4635   4634   4633

    4638   4637   4703   4741   4831   4843   4852   4876   4965   4964

23. Defendant, Supervisor Perez, is also the grievance officer for SAJ. It is his duty to handle and process all of the grievances here at SAJ.

24. Perez is also the disciplinary Hearing Officer. He handles the grievances for his own disciplinary hearings.

25. Perez does not respond to the grievances, does not provide copies of grievances, and ignores grievances so as to prevent my access to the courts, prevent my access to medical care, and to conceal misconduct by SAJ staff as reported in my grievances.

26. The customs and policy pertaining to the grievances, medical request, and inmate request forms cause staff here at SAJ to forward any requests and grievances to Perez or Monreal because they know that Perez and Monreal will deny these requests. This causes SAJ staff to deny legitimate requests and grievances so that they don't have to do the work.

27. Since my arrival last year, not one of the twenty grievances I have filed has been completed according to departmental policy. I have not received a response to any of my grievances, not one of the twenty, from Perez, or any other staff member.

28. I am currently housed in extremely restricted housing in administrative segregation. I am given very minimal time outside of my cell, not provided any legal assistance, and given minimal access to the phones.

29. The procedure for obtaining a non-recorded legal call is that I must submit a request with the attorney's information to SAJ staff. They review the request and if they approve the request they will allow the non-recorded calls to the attorney listed in the request. However, even if these requests are approved, it can be several months before they are approved. This prevents me from

obtaining legal consultations and/or speaking with my recently assigned criminal defense attorney by phone. I also have been unable to obtain assigned legal counsel for three of my LA County criminal cases or further the cases in any way. Due to the amount of the time since the filing of case #MA077578, my inability to defend myself in the case has caused evidence to become unavailable. The case was filed November 6, 2019.

30. The bonds on my LA County cases is going to be exonerated this month and I have also been unable to prevent that due to my lack of legal assistance and access.

31. SAJ provides no means of legal assistance and refuses to assist me with the preparation of any of my legal materials for my state level criminal cases. On numerous occasions I have been told by supervisor Monreal that I am housed in a facility on federal charges and staff here at SAJ will not assist me with any of my state level criminal cases. This was told to me multiple times on inmate request forms. I have filed multiple grievances regarding this issue.

32. All four of my LA County criminal cases I have felony warrants issued by the courts and I have been unable to prepare a defense and or properly dispose of the warrants in those cases due to my lack of legal access and assistance at SAJ.

33. NAPHCARE is the provider of medical care at SAJ.

34. Upon the initial intake and booking procedures, I was interviewed by medical staff at SAJ. I notified medical staff of my condition. Medical staff asked me to sign the medical records release forms for each facility that had treated me for my condition. This included USC, LA County Jail, and AVHMC. I filled out and signed the required forms for SAJ and NAPHCARE to obtain my medical records.

35. Medical staff asked me what, if any, symptoms I had. I stated that I had mild to moderate headaches which was treated with a combination of Tylenol and Naproxen.

36. In December 2020, I began having worsening symptoms. These symptoms included worsening headaches, extreme dizziness, feelings of drunkenness, confused thoughts, numbing sensations in my hands. Due to these symptoms I submitted dozens of "NAPHCARE MEDICAL DEPARTMENT SICK CALL REQUEST-MANAGED BY TECHCARE" (Med. Requests) and "SANTA ANA JAIL-INMATE GRIEVENCE FORMS" (Grievance).

37. I was told multiple times that I would not be given any treatment until my medical records were obtained from the other facilities. I have filed numerous emergency grievances regarding my need for medical attention. None of these grievances was ever responded to.

38. I was denied medical treatment on multiple occasions.

39. I was denied any pain relief medication on multiple occasions.

40. On at least two occasions I submitted a Med Request stating that I had headaches due to a brain tumor and it was returned to me stating that I had to obtain pain medication from the inmate commissary at cost to myself.

41. Every time I request medical attention, both written and verbal responses are "we will notify the provider".

42. In January 2021, the symptoms mentioned above began becoming extremely bad. I was in constant pain, could not stay awake, blurred vision. I reported to medical staff that I believed that I had a stroke. I was told by medical staff that they still had not received my medical records, and thus they could not help me.

43. On February 25, 2022, I was placed in isolated housing for disciplinary detention. I was called for a hearing by Perez. I was charged with violations for failure to go to my cell as instructed by staff. I told Perez that I did in fact go to

my cell. I asked Perez to call several witnesses, check the SAJ surveillance video, and to allow me to see the video. Perez said he would review the video again. I was immediately moved to isolated housing.

44. I submitted a grievance regarding the disciplinary hearing, and the fact that I was never allowed to call witnesses, and that I was never shown the video for the incident. Perez never responded to the grievance. I remained in isolated detention for three weeks.

45. On March 2, 2022, I woke up and again felt like I was having a stroke. I was having chest pains, trouble breathing, and felt like I was going to pass out. I immediately went "man down" and demanded medical attention. I was in fear for my life.

46. The nurse that responded took my blood pressure (141/54) and I told him I had never had elevated or high blood pressure. I told him I was extremely dizzy, nauseous, having trouble breathing, and having chest pains. He checked the inside of my ears and stated, "You have the cleanest ears that I have ever seen. That's why you're dizzy. Stop cleaning your ears." I was not treated further.

47. On both March 3, and March 4, 2022, I demanded to see the nurse due to my still worsening and ongoing symptoms, and I was told by the nurse that they had still not received my medical records. They refused to treat me.

48. On March 5, 2022, I was again having trouble breathing and chest pains. I asked the floor officer to get me emergency medical attention. The nurse arrived, checked my blood pressure (176/101). The nurse stated that they needed to "contact the provider" and left me inside of my cell.

49. Approximately one hour later I was taken out of my cell. An EKG was conducted which showed extremely abnormal heart activity. I was given Gatorade and some pills which the medical staff refused to identify for me. I was then returned to my cell.

DEAN MANES VS. CITY OF SANTA ANA, ET AL

50. During the PM pill call, the nurse came to my cell and gave me some pills. I asked what the pills were, and again the nurse refused to identify the pills for me. She would only tell me "they're for your heart".

51. While giving me the pills, this nurse stated, "We just found out that we received your medical records a month ago." (That means they received the medical records the beginning of February 2022)

52. On March 6, 2022, I was given a blood pressure check during AM pill call (159/74). And again at PM pill call (169/58). I asked the nurse if I was to receive medication and was told no, although I was prescribed heart medication and my blood pressure was elevated.

53. On March 7, 2022, the AM blood pressure (159/63) was conducted and again I received no medications, although I was prescribed heart medication and my blood pressure was elevated.

54. Approximately 1-2 hours later, and after several days of worsening symptoms, I again called a medical emergency. The nurse who arrived at my cell checked my blood pressure (155/69). The nurse left and came back with medications which I made her identify. She stated that I was prescribed 30mg Linisipro, an antibiotic, and Klonopin, which the nurse stated that she would not give me, although it was prescribed. I asked the nurse who prescribed me these medications since I had not spoken to a doctor. She stated, "The provider". My blood pressure was again checked at PM pill call (152/75).

55. On March 8, 2022, I was given an additional medication at AM pill call. I asked the nurse what the medication was and she stated that it was for my dizziness. Blood pressure was checked (148/56).

56. During the entire period mentioned in the facts above, I continued to have worsening symptoms. I was in constant pain, extremely dizzy nauseous, trouble breathing, and chest pains. I thought I was going to die and I told both medical

staff and officers that I was concerned that I was in a cell alone without somebody to report if I fell unconscious.

57. On March 23, 2022, I asked the nurse to check my blood pressure because I was feeling extremely dizzy and could not think properly. The nurse told me that she could not check my blood pressure because I was "Not prescribed blood pressure checks by the provider."

58. In March 25, 2022, I was placed in isolated housing. Upon transfer to isolated housing, the staff members lost all of my personal property. I immediately submitted a grievance form GI# 4741. The form was returned to me stating, "Please attach receipts of you purchases for these items and resubmit this grievance." Since I had lost all of my property, I did not have the receipts. Approximately 2-3 weeks later I obtained the receipts and resubmitted the grievance. I still have not had the money or property reimbursed.

59. On March 25, 2022, I sent another med request and submitted another grievance, stating that I had still had not seen a doctor since my arrival last year, I was still having extremely bad symptoms, including chest pains, headaches and dizziness. A nurse came and spoke with me about the med request. She stated that she would speak with the provider. I was not treated or seen.

60. On March 27, 2022, I was not given the proper medication. I told the nurse. She stated that she would come back with my medication and never returned.

61. On April 8, 2022, I was placed in administrative segregation. I still have not received any documentation or a hearing regarding my placement.

62. On April 12, 2022, I sent a request form and letter to SAJ supervisor J. MONRIQUE. I told him that I had submitted dozens of inmate request forms, medical request forms, and grievances that have never been responded to. I never received a reply.

63. On April 15, 2022, I submitted another grievance about the missing property from March 2022. GI# 4831. I was seen by defendant Perez, who is in charge of the grievances at SAJ. He stated that he would be back in a couple of days to reimburse the money for my missing property. This was never done. (SEE ATTACHED GRIEVANCE GI# 4831)

64. On April 18, 2022, I submitted a grievance, GI# 4843, due to the fact that the SAJ staff would not allow me access to the law library, would not make legal copies for me, and would not help me in any way with my criminal cases. (SEE ATTACHED GRIEVANCE GI# 4843)

65. On April 21, 2022, I wrote a letter to the American Civil Liberties Union (ACLU) Los Angeles, California. I enclosed copies of dozens of inmate request forms, med request forms, and grievance forms and asked for them to help me. I sent the ACLU the only copies I had of most of these documents, med request forms, grievances, and inmate request forms due to the fact that staff here refuse to make legal copies for me. I asked them to send me back the originals, and I have not received them back yet.

66. On April 24, 2022, I submitted a grievance GI# 4852, due to the fact that SAJ staff would not allow me legal access nor help me send the appropriate documentation to the criminal courts in Los Angeles County. I stated that I had multiple pending criminal and civil cases and needed to access the law library as well as make copies of my documents. (SEE ATTACHED GRIEVANCE GI# 4852)

67. On April 25, 2022, I was seen by my federal criminal defense attorney. Per SAJ policy, I submitted sealed legal documents along with the property release form required for my attorney to pick up the documents after our visit. These documents included defense notes and strategies. I gave this sealed envelope and release form to Ornelas.

68. After I was locked into the visiting booth to see my attorney, Officer Ornelas opened and copied the documents before the envelope was taken downstairs for release to my attorney. I submitted a grievance regarding this incident on May 1, 2022, GI# 4876, and requested the supervisors verify the incident with the SAJ surveillance system.

69. On April 26, 2022, I submitted a med request stating that I was still having headaches, I needed Tylenol. The response on the request stated, "Will review chart and order is appropriate." (SEE ATTACHED SICK CALL REQUEST FORM)

70. On May 2, 2022, I mailed more of my documents to the ACLU, including GI# 4876. I have not received the originals back yet.

71. On May 6, 2022, I was seen during the weekly cell check by the nurse. I told him that I was still having extremely bad headaches. Later that day I was sent a "NAPHCARE" form that stated, "Request to renew Tylenol is pending by the provider. Long term use of Tylenol or ibuprofen is not recommended by medical." Medical staff has refused to provide me with anything ese for my headaches. (SEE ATTACHED SICK CALL REQUEST FORM)

72. On May 4, 2022, I requested medical staff give me copies of my medical records. Staff responded that inmates are not allowed to have our medical records. I had to send them to an "attorney or friends". That is the policy of NAPHCARE.

73. On May 26, 2022, I submitted an inmate request form to the officer Campos. I asked for a list of local attorneys and civil law clinics since the staff here will not assist with my legal needs. On May 28, 2022, I was given a response by Campos which states, "The facility and or staff is unable to provide listing of names or numbers to legal aid or attorneys". (SEE ATTACHED INMATE REQUEST FORM)

74. On May 28, 2022, I submitted grievance GI# 4965, in regards to the staff not responding to any of the prior grievances I have filed. (SEE ATTACHED THREE PAGE GRIEVANCE GI# 4965).

75. On June 3, 2022, I submitted a request form for information pertaining to one of my pending cases. On June 6, 2022, Monreal responded, "Mr. Manes this (sic) request is being denied. Such requests will not be granted. Your attorney or family/friends can look up the information for you. Apologies for the inconvenience."

76. On June 6, 2022, I received a response to a request for law library use that I submitted on April 24, 2022. The response stated, "Adseg (sic) officers and shift supervisors will add you to the schedule." (SEE ATTACHED INMATE REQUEST FORM)

77. On June 9, 2022, I spoke with Nurse Edith and informed her that I had sharp chest pains and I submitted a med request stating that I have been having chest pains and can't sleep due to my chest pains and a cough. Edith stated that she would contact the provider but did nothing to help me. On June 11, 2022, I received the response from nurse Vianiyo, for the med request, stating, "I have scheduled you for sick call and someone will come up to asses (sic) your pain in your chest." (SEE ATTACHED). I was not treated for this chest pain or seen by medical staff.

78. Since my arrival at SAJ last year I have not spoken to a doctor, been seen by a doctor, been evaluated by a doctor, or provided any emergency medical care despite my life threatening conditions.

79. All defendants in this complaint are in contracts to provide services for my medical care and pretrial detention. The defendants are in breach of these contracts.

## CLAIM I

80. Defendants City of Santa Ana, Santa Ana Jail, NAPHCARE, Perez, Unidentified Medical Staff, Edith, and Vianiyo violated my 8th amendment right with deliberate indifference to my medical needs by knowingly and willingly refusing to provide me medical care, emergency medical care, prescribed medications, and refusing allow me access to said care. Defendants prevented me from obtaining medical care, interfered with prescribed medical care, failed to provide adequate staff, failed to provide qualified staff, maintain policies that interfere with adequate medical care, fail to remedy unlawful conditions that they are aware of, fail to carry out their responsibilities to make adequate medical care available, and maintaining policies that allow such. These policies and custom are used by all defendants in this claim. The defendants either participated in the act, were aware of the act and failed to intervene, and/ or were aware of the act and failed to remedy.

## CLAIM II

81. Defendants City of Santa Ana, Santa Ana Jail, Perez, Monreal violated my 6th amendment right to due process by knowingly and willingly failing to provide me with legal assistance, preventing me from gaining legal assistance, and failing to intervene in the violation of this right. The defendants either participated in the act, were aware of the act and failed to intervene, and/ or were aware of the act and failed to remedy.

## CLAIM III

82. Defendants City of Santa Ana, Santa Ana Jail, Perez, Orenelas violated my 6th amendment right to due process by knowingly and willingly opening and

copying my privileged confidential defense strategy notes for my ongoing criminal case and failing to intervene in this act. The defendants either participated in the act, were aware of the act and failed to intervene, and/ or were aware of the act and failed to remedy.

## CLAIM IV

83. Defendants City of Santa Ana, Santa Ana Jail, Perez, and Orenelas violated my 4th amendment right against unreasonable search by knowingly and willingly opening, , reading, and copying my confidential sealed legal case notes without cause. The defendants either participated in the act, were aware of the act and failed to intervene, and/or were aware of the act and failed to remedy.

## CLAIM V

84. Defendants City of Santa Ana, Santa Ana Jail, and Perez violated my 14th amendment right by knowingly and willingly sentencing me to disciplinary detention without due process. The defendants either participated in the act, were aware of the act and failed to intervene, and/ or were aware of the act and failed to remedy.

## CLAIM VI

85. Defendants City of Santa Ana, Santa Ana Jail, and Perez violated my 14th amendment right by knowingly and willingly placing me in administrative segregation for several months without due process. The defendants either participated in the act, were aware of the act and failed to intervene, and/ or were aware of the act and failed to remedy.

## RELIEF REQUESTED

86. Compensatory damages, including general, punitive, and/or special damages, according to proof and allowed by law.
87. Due to my ongoing and worsening medical conditions, the court grant my attached "Request to Proceed Without Prepayment of Filing Fees".
88. The court issue a declaratory judgement to the defendants in regards to these matters.
89. The court issue a preliminary injunction to ensure that I am receiving proper medical as required by law, and to ensure my other rights related to this complaint are intact.
90. The court assign a Special Master to investigate these matters.
91. The court allow me to amend this complaint if necessary to comply with the law, and to allow me to amend at a later time when the other defendants and claims can be identified.
92. Any other relief the court deems necessary or that is allowed to me by law.

## DEMAND FOR JURY TRIAL

93. Plaintiff hereby demands a jury trial on all issues raised in this complaint.
94. I, DEAN MANES, PLAINTIFF, in the above entitled action, do hereby reaffirm the above swear the above to be true under penalty of perjury.

Dated: 6/11/2022

DEAN MANES

PLAINTIFF



